1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG KAISER GARRETT, | CASE NO. 1:06-cv-01314-AWI-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | WITHIN THIRTY DAYS |
| J. McNUTT, et al., | (Doc. 1) |
| Defendants. | |
| _____/ | |

I.      Screening Order

        A.      Screening Requirement

        Plaintiff Craig Kaiser Garrett ("plaintiff") is a state prisoner proceeding pro se and in forma

pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

September 20, 2006.

        The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

3  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

4  plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

7  if it is clear that no relief could be granted under any set of facts that could be proved consistent with

8  the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

9  the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

10  the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey,

11  353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

12  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

13  opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

14  2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

15  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

16  complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

17  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

18  266, 268 (9th Cir. 1982)).

19         B.      Plaintiff's Section 1983 Claims

20         The events at issue in this action allegedly occurred at Kern Valley State Prison in Delano,

21  where plaintiff was housed at the time.  Plaintiff names Correctional Officers J. McNutt and J.

22  Salcido, Medical Technical Assistant K. Sweeney, Dr. R. Pateo, and producers with The Learning

23  Channel (TLC) as defendants.  Plaintiff is seeking monetary damages, an apology to his parents, and

24  a CAT scan of his head.  Plaintiff alleges claims for relief for the infliction of cruel and unusual

25  punishment, the denial of access to the courts, and the denial of adequate medical care.

26  ///

27  ///

28  ///

2

1            1.      TLC Producers as Defendants

2        Plaintiff seeks to impose liability on TLC producers because they aired a television show in

3   which he was interviewed without first allowing him to see the show in advance and approve or

4   reject the content, per the contract he signed.

5        To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

6   color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

7   law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  TLC and its producers

8   are private parties and were not acting under color of state law. See Price v. Hawaii, 939 F.2d 702,

9   707-08 (9th Cir. 1991).  Further, to the extent plaintiff has a valid claim against TLC producers for

10  breach of contract, the claim is not cognizable under 1983 action because it was not a violation of

11  plaintiff's Constitutional rights.  Plaintiff's claim against TLC and its producers for breach of

12  contract may not be brought in this federal civil rights action.

13           2.      Denial of Access to the Courts

14       Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518

15  U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996).  The right is limited to direct criminal appeals, habeas

16  petitions, and civil rights actions. Id. at 354, 2181-82.  Claims for denial of access to the courts may

17  arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking

18  access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking

19  claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  To prevail

20  on a claim, the plaintiff must show that he suffered an actual injury by being shut out of court. Id.

21  at 415, 2187; Lewis, 518 U.S. at 351, 2180.

22       Plaintiff's complaint is devoid of facts supporting the existence of a claim for relief based

23  on denial of access to the courts.

24           3.      Denial of Medical Care

25       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

26  conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452

27  U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an

28  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

3

1  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

2  indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett

3  v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in

4  a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

5  inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may

6  be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"

7  or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d

8  1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,

9  1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment,

10  the delay must have led to further harm in order for the prisoner to make a claim of deliberate

11  indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd.

12  of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

13       Plaintiff's complaint does not set forth any facts which support a claim that anyone "[knew]

14  of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

15  Accordingly, plaintiff fails to state a claim for relief under section 1983 based on denial of

16  constitutionally adequate medical care.

17              4.       Use of Excessive Physical Force

18       Plaintiff alleges that on January 7, 2006, he was ordered to pack his property for a cell move.

19  Defendants McNutt and Salcido escorted plaintiff through the building.  When plaintiff became

20  suspicious that the cell move had nothing to do with monitoring his hunger strike, he asked to speak

21  with a sergeant.  Plaintiff alleges defendant McNutt became angry, and pressed his container of mace

22  hard against plaintiff's temple and chocked plaintiff "hard" with his left hand for approximately ten

23  seconds. (Doc. 1, Comp., pg. 5.) Defendant Salcido subsequently kicked plaintiff on his right ankle

24  several times after they arrived in the program office.

25       "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

26  Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v.

27  McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . .

28  . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks

4

1    and citations omitted).  The malicious and sadistic use of force to cause harm always violates

2    contemporary standards of decency, regardless of whether or not significant injury is evident.  Id.

3    at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force

4    standard examines de minimis uses of force, not de minimis injuries)).  However, not "every

5    malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth

6    Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional

7    recognition de minimis uses of physical force, provided that the use of force is not of a sort

8    repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations

9    omitted).

10        "[W]henever prison officials stand accused of using excessive physical force in violation of

11   the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied

12   in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

13   Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper

14   to evaluate the need for application of force, the relationship between that need and the amount of

15   force used, the threat reasonably perceived by the responsible officials, and any efforts made to

16   temper the severity of a forceful response."  Id.  (internal quotation marks and citations omitted).

17   "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end

18   it."  Id.

19        The court finds that plaintiff's allegations fall short of stating a claim for use of excessive

20   physical force against defendants McNutt and Salcido.  Not every physical confrontation between

21   officers and inmates rises to the level of a constitutional violation and here, plaintiff's allegations

22   do not support a claim that defendants maliciously and sadistically to cause plaintiff harm.

23        C.    Conclusion

24        The court finds that plaintiff's complaint does not state any claims upon which relief may be

25   granted under section 1983.  The court will provide plaintiff with the opportunity to file an amended

26   complaint curing the deficiencies identified by the court in this order.

27        Plaintiff is informed he must demonstrate in his complaint how the conditions complained

28   of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

1  227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

2  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

3  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

4  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

5  743 (9th Cir. 1978).

6  　　　Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

7  complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint

8  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

9  plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

10  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

11  of each defendant must be sufficiently alleged.

12  　　　Accordingly, based on the foregoing, it is HEREBY ORDERED that:

13  　　1.　　Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

14  　　　　　upon which relief may be granted under section 1983;

15  　　2.　　The Clerk's Office shall send plaintiff a civil rights complaint form;

16  　　3.　　Within **thirty (30) days** from the date of service of this order, plaintiff shall file an

17  　　　　　amended complaint; and

18  　　4.　　If plaintiff fails to file an amended complaint in compliance with this order, the court

19  　　　　　will recommend that this action be dismissed, with prejudice, for failure to state a

20  　　　　　claim upon which relief may be granted.

21

22  IT IS SO ORDERED.

23  **Dated:    March 7, 2007**　　　　　　　　**/s/ Sandra M. Snyder**
　　icido3　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

6