# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG KAISER GARRETT, | CASE NO. 1:06-cv-01314-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CONSPIRACY CLAIM AGAINST DEFENDANT PATEO AND INJUNCTIVE RELIEF CLAIMS, AND RECOMMENDING ACTION PROCEED ON ALL OTHER CLAIMS |
| v. | |
| J. McNUTT, et al., | |
| Defendants. | |
| _____/ | (Doc. 11) |

I.      Findings and Recommendations Following Screening of Amended Complaint

      A.      Screening Requirement

Plaintiff Craig Kaiser Garrett ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 20, 2006. The court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims on March 8, 2007, and plaintiff filed an amended complaint on March 27, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1

1   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

5   506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

6   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

7   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

8   grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only

9   if it is clear that no relief could be granted under any set of facts that could be proved consistent with

10  the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether

11  the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of

12  the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,

13  353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

14  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

15  opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

16  2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

17  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights

18  complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

19  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

20  266, 268 (9th Cir. 1982)).

21      B.   Plaintiff's Claims

22      The events at issue in this action allegedly occurred at Kern Valley State Prison in Delano,

23  where plaintiff was housed at the time. Plaintiff names Correctional Officers J. McNutt and J.

24  Salcido, Medical Technical Assistant K. Sweeney, and Dr. R. Pateo as defendants. Plaintiff is

25  seeking monetary damages, a CT scan of his head, and an apology to his parents. Plaintiff alleges

26  claims for relief for retaliation, use of excessive physical force, the denial of adequate medical care,

27  and conspiracy.

28  ///

Plaintiff alleges that on December 14, 2005, he participated in a media interview with The Learning Channel.  During the interview, plaintiff and defendant Sweeney, a medical technical assistant, engaged in a heated argument over the inadequate medical care being provided to inmates. Plaintiff alleges that on January 7, 2006, in retaliation for his participation in the interview, defendant Sweeney orchestrated a cell move for the purpose of setting plaintiff up to be assaulted by defendants McNutt and Salcido.

Plaintiff alleges that defendants McNutt and Salcido, both correctional officers, came to plaintiff's cell and told him to pack his property for a cell move.  During the escort, defendants stopped and defendant McNutt told defendant Salcido, "Let's do it here." (Amend. Comp., pg. 7.) Plaintiff was instructed to place his property on a table and informed by defendant McNutt that a lot of his personal property was going to be confiscated and an inmate appeal would not make any difference.  When plaintiff asked to speak with a sergeant, pursuant to procedure for a confrontation, defendant McNutt pressed his mace container hard against plaintiff's head and squeezed plaintiff's neck with his hand for approximately ten seconds, choking plaintiff and causing him to gasp for air.

As the escort continued, they were met by Sergeant Vogt, who told defendant McNutt to stand plaintiff against the wall.  Defendant McNutt then shoved plaintiff's head with enough force to cause plaintiff to lose consciousness momentarily.  Plaintiff alleges that during the escort, defendant Salcido kicked him repeatedly, and both defendants caused him physical and emotional injuries.

On the same day, plaintiff was seen by defendants Sweeny and Pateo at the medical clinic for his injuries.  Plaintiff alleges that when defendant Pateo examined him, his facial swelling was evident and he complained of acute cranial pain.  Plaintiff alleges that defendant Pateo examined him and realized that plaintiff in fact had cranial injury and displayed signs of severe pain.  Plaintiff alleges that defendant Pateo said he would document plaintiff's injuries and schedule an appointment for a CT scan.  Plaintiff allege that he has never received any medical treatment for his injuries and that all practicing physicians know "that cranial swelling is a highly probable precursor to possible brain damage," and that he suffered brain damage as a result.  (Id., pg. 12 (emphasis omitted).) Plaintiff alleges that defendant Pateo knowingly disregarded his medical needs and knew there was

an excessive risk in doing so.  Plaintiff alleges that due to the deliberate indifference to his medical needs, defendant Pateo was an accomplice in the conspiracy to assault him.

### 1.    Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Plaintiff's allegations are sufficient to support a claim under section 1983 against defendants Sweeney, McNutt, and Salcido for their involvement in assaulting him in retaliation for his media interview.  Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

### 2    Excessive Force Claim

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Id. (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  Id.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

///

4

Plaintiff's allegations are sufficient to support a claim under section 1983 against defendants Sweeney, McNutt, and Salcido for their involvement in assaulting him. Fed. R. Civ. P. 8(a); Erickson, 127 S.Ct. at 2200.

### 3.   Medical Care Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Neither negligence nor gross negligence is sufficient to support a claim for violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Toguchi, 391 F.3d at 1057; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Despite plaintiff's inclusion of legal terms not supportive of an Eighth Amendment claim, plaintiff's allegations are sufficient to support a claim under section 1983 against defendant Pateo for violation of the Eighth Amendment. Fed. R. Civ. P. 8(a); Erickson, 127 S.Ct. at 2200.

///

///

1          4.      Conspiracy Claim

2      A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting

3  of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001)

4  (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir.

5  1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d

6  1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121,

7  1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact

8  details of the plan, but each participant must at least share the common objective of the conspiracy.'"

9  Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

10     The federal system is one of notice pleading, and the court may not apply a heightened

11  pleading standard to plaintiff's allegations of conspiracy.  Empress LLC v. City and County of San

12  Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119,

13  1126 (2002).  Under notice pleading, the court finds plaintiff's allegations are sufficient to give rise

14  to an inference that defendants Sweeney, McNutt, and Salcido conspired to used force against

15  plaintiff in retaliation for the exercise of his First Amendment rights and the complaint therefore

16  states a claim against them for conspiracy.

17     The same cannot be said about defendant Pateo, however.  Defendant Pateo examined

18  plaintiff after the assault and plaintiff has stated a claim against him for denial of medical care in

19  violation of the Eighth Amendment.  The complaint is devoid of any allegations supporting

20  plaintiff's conclusory assertion that defendant Pateo conspired in the assault against him.  Defendant

21  Pateo's contact with plaintiff commenced after the assault, and there is simply no basis in the

22  complaint to support a claim that defendant Pateo was involved in the alleged conspiracy to assault

23  plaintiff.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).  The court

24  recommends that plaintiff's conspiracy claim against defendant Pateo be dismissed, with prejudice.

25          5.      Injunctive Relief Claims

26     In addition to money damages, plaintiff seeks an order mandating that the California

27  Department of Corrections and Rehabilitation (CDCR) secure a CT scan for plaintiff at a local

28  ///

hospital for an assessment of brain damage, and mandating that the Warden of Kern Valley State Prison apologize to plaintiff's parents for denying them visitation with plaintiff on January 7, 2006.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at 1128 (quoting  O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

There is an actual case or controversy before this court with respect to plaintiff's section 1983 claim for money damages arising out of defendants' alleged past actions.  However, equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot be met

where there is no showing of any real or immediate threat that the plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" <u>Lyons</u> at 111, 1670 (quoting <u>O'Shea</u>, 414 U.S. at 502, 94 S.Ct. at 679). In this instance, it is the past conduct of defendants which give rise to plaintiff's claims for relief, and should plaintiff prevail, plaintiff's injury will not go unrecompensed because plaintiff has an adequate remedy at law. <u>Id</u>. Further, the court does not have jurisdiction over the CDCR or the Warden in this action, and plaintiff is no longer housed at Kern Valley. With respect to an apology, such relief is not narrowly tailored to correct the alleged violations of plaintiff's rights by defendants and would under no circumstance be available as a form of equitable relief. The court recommends that plaintiff's claims for injunctive relief be dismissed and this action proceed as one for money damages only.

C.     <u>Conclusion</u>

The court finds that plaintiff's amended complaint states cognizable claims for relief under section 1983 against defendants Sweeney, McNutt, and Salcido for retaliation, use of excessive force, and conspiracy, and against defendant Pateo for denial of medical care, in violation of plaintiff's constitutional rights. However, the court finds that the amended complaint does not state a claim against defendant Pateo for conspiracy or cognizable claims for injunctive relief. Plaintiff was previously given leave to amend and placed on notice that he must link the defendant to the action or omission he claims violated his rights under the constitution. Therefore, the court does not recommend that leave to amend be granted a second time and HEREBY RECOMMENDS that:

1.     This action proceed on plaintiff's amended complaint, filed March 27, 2007, against defendants Sweeney, McNutt, and Salcido for retaliation, use of excessive force, and conspiracy, and against defendant Pateo for denial of medical care;

2.     Plaintiff's claim against defendant Pateo for conspiracy be dismissed, with prejudice, for failure to state a claim;

3.     Plaintiff's injunctive relief claims be dismissed and this action proceed as one for money damages only; and

4.     This action be referred back to the undersigned for the initiation of service of the amended complaint by the United States Marshal.

1        These Findings and Recommendations will be submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

3   **days** after being served with these Findings and Recommendations, plaintiff may file written

4   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5   Findings and Recommendations."   Plaintiff is advised that failure to file objections within the

6   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

7   1153 (9th Cir. 1991).

8

9   IT IS SO ORDERED.

10  **Dated:     July 24, 2007**                          **/s/ Sandra M. Snyder**
                                                  UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28