1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                              EASTERN DISTRICT OF CALIFORNIA

9

10   CRAIG KAISER GARRETT,                         1:06-cv-01314-AWI-SMS PC

11           Plaintiff,                            SECOND INFORMATIONAL ORDER,
                                                   MOTION TO DISMISS NOTICE, AND
12   v.                                            SUMMARY JUDGMENT NOTICE

13   J. McNUTT, et al.,

14           Defendants.
     _____/
15

16          Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has submitted

17   the required USM-285 forms and a separate order transmits them to the United States Marshal for

18   service of process.  Parties to this litigation shall take note of the following requirements:

19          1.  Pursuant to 42 U.S.C. § 1997e(g)(2), defendants must reply to the complaint within the time

20   provided by the applicable provisions of Fed. R. Civ. P. 12(a).

21          2.  Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions

22   concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules

23   of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule

24   78-230(m).

25          3.  At some point in the litigation, defendants may file a motion to dismiss this action on any

26   number of grounds or a motion for summary judgment.  Plaintiff is required to file an opposition or a

27   statement of non-opposition to the motion.  Local Rule 78-230(m).  <u>If plaintiff fails to file an opposition

28   or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure</u>

                                                    -1-

1   to prosecute. The opposition or statement of non-opposition must be filed not more than 21 days after

2   the date of service of the motion to dismiss (18 days plus 3 days for mailing). Id.

3        4. At some point in the litigation, defendants may file a motion to dismiss for failure to exhaust

4   administrative remedies as to one or more claims in the complaint. The failure to exhaust administrative

5   remedies is subject to an unenumerated Rule 12(b) motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108,

6   1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365,

7   368 (9th Cir. 1988) (per curium)). "In deciding a motion to dismiss for failure to exhaust nonjudicial

8   remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt, 837 F.3d

9   at 1119-20 (quoting Ritza, 837 F.2d at 368). If the district court concludes that the prisoner has not

10   exhausted administrative remedies, the case will be dismissed without prejudice. Wyatt, 837 F.3d at

11   1120. This means that the case will end. If plaintiff exhausts administrative remedies at a later date,

12   he may file the case as a new action.

13        If defendants make an unenumerated 12(b) motion to dismiss for failure to exhaust

14   administrative remedies, plaintiff may not simply rely on allegations in the complaint. Instead, plaintiff

15   must oppose the motion by setting forth specific facts in declaration(s) and other evidence regarding the

16   exhaustion of administrative remedies. See Fed. R. Civ. P. 43(e); Ritza v. Int'l Longshoremen's &

17   Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). If plaintiff does not submit his own

18   evidence in opposition, the court may conclude that plaintiff has not exhausted administrative remedies

19   and the case will be dismissed.

20        5. At some point in the litigation, one or more defendants may move for summary judgment as

21   to some or all of plaintiff's claims. Pursuant to Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988)

22   and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), plaintiff is advised of the following requirements

23   for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal

24   Rules of Civil Procedure. Such a motion is a request for an order for judgment on some or all of

25   plaintiff's claims in favor of defendants without trial. Fed. R. Civ. P. 56(b). Defendant(s)' motion will

26   set forth the facts which defendants contend are not reasonably subject to dispute and that entitle

27   defendant to judgment as a matter of law. Fed. R. Civ. P. 56(c).

28   ///

1    Plaintiff has the right to oppose a motion for summary judgment.  To oppose the motion, plaintiff

2    must show proof of his or her claims.  Plaintiff may agree with the facts set forth in defendant(s)' motion

3    but argue that defendant(s) are not entitled to judgment as a matter of law.   Plaintiff may show

4    defendant(s)' facts are disputed in one or more of the following ways: (1)  Plaintiff may rely upon

5    statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has

6    personal knowledge of the matters stated and if plaintiff calls to the court's attention those parts of the

7    complaint upon which plaintiff relies; (2)  Plaintiff may also serve and file affidavits or declarations[1]

8    setting forth the facts which plaintiff believes prove plaintiff's claims (the persons who sign the affidavit

9    or declaration must have personal knowledge of the facts stated); (3)  Plaintiff may also rely upon written

10   records but plaintiff must prove that the records are what plaintiff claims they are[2];  (4)  Plaintiff may

11   also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or

12   admissions obtained in this proceeding.  Should plaintiff fail to contradict defendants' motion with

13   affidavits,  declarations,  or  other  evidence,  defendants'  evidence  will  be  taken  as  truth,  and  final

14   judgment may be entered without a full trial.  Fed. R. Civ. P. 56(e).

15   If there is some good reason why such facts are not available to plaintiff when required to oppose

16   such a motion, the court will consider a request to postpone considering defendant(s)' motion.  Fed. R.

17   Civ. P. 56(f).  If plaintiff does not serve and file a request to postpone consideration of defendant(s)'

18   motion or written opposition to the motion, the court may consider plaintiff's failure to act as a waiver

19   of opposition to defendant(s)' motion.  Plaintiff's waiver of opposition to defendant(s)' motion may

20   result in the entry of summary judgment against plaintiff.

21   6. A motion supported by affidavits or declarations that are unsigned will be stricken.

22   ///

23   ────────────────────

24   [1]An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same

25   effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct."  28 U.S.C. § 1746.  Affidavits and declarations must be made on  personal

26   knowledge and must set forth facts as would be admissible in evidence. Fed. R. Civ. P. Rule 56(e).

27   [2] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. Fed. R. Civ. P. 56(e).

28

7.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

IT IS SO ORDERED.

**Dated:     October 30, 2007**                    **/s/ Sandra M. Snyder**
                                                      UNITED STATES MAGISTRATE JUDGE