# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG KAISER GARRETT,<br><br>          Plaintiff,<br><br>     v.<br><br>J. McNUTT, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:06-cv-01314-AWI-SMS PC<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR ENTRY OF DEFAULT<br><br>(Doc. 31) |

Plaintiff Craig Kaiser Garrett ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants Sweeney, McNutt, and Salcido for retaliation, use of excessive force, and conspiracy, and against defendant Patel[1] for denial of medical care. On February 19, 2008, plaintiff filed a motion seeking entry of default against defendants Sweeney, McNutt, and Salcido, and Patel ("defendants").

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a).

///
///
///
///

---

[1] Identified as Pateo in the complaint.

1

Defendants waived service of the summons and their response to plaintiff's complaint was due on or before January 10, 2008.  Fed. R. Civ. P. 4(d); Court Docs. 26-29.  On January 14, 2008, the Court issued an order granting Defendants' request for an extension of time to file a response, and on February 15, 2008, Defendants filed a motion to dismiss.  Because Defendants have filed a motion to dismiss, they are not in default.[2]

Plaintiff's motion for entry of default, filed February 19, 2008, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   February 22, 2008**                           /s/ Sandra M. Snyder
                                                                                 UNITED STATES MAGISTRATE JUDGE

---

[2] Default cannot be entered once an answer or responsive motion has been filed, as it has in this case.  That the motion was filed late is irrelevant to the issue because the motion was received prior to the request for entry of default.  The Court notes that while the order set a deadline of February 6, 2008, the order was docketed as granting a thirty-day extension of time and setting a deadline of February 15, 2008.  Thirty-day extensions commonly run from date of service of the order and defendants may have been unaware of the February 6 deadline.  All parties have a duty to read court orders, however, and should not rely on docket entries, as clerical errors do occur.