# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG KAISER GARRETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. McNUTT, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01314-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED<br><br>(Doc. 35)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss**

**I.     Procedural History**

Plaintiff Craig Kaiser Garrett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 20, 2006, and it is proceeding on Plaintiff's amended complaint, filed March 27, 2007, against Defendants Sweeney, McNutt, and Salcido for retaliation, use of excessive force, and conspiracy, and against Defendant Pateo for denial of medical care. On February 25, 2008, Defendants filed a motion to dismiss for failure to exhaust the available administrative remedies. (Doc. 35.) Plaintiff filed an opposition on February 29, 2008, and Defendants filed a reply on March 5, 2008.[1] (Docs. 36, 37.) Plaintiff's surreply, filed without leave of court on March 19, 2008, was stricken in a separate order.

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 31, 2007. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 19.)

## II. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

## III. Defendants' Motion

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy

1   section 1997e(a), California state prisoners are required to use the available process to exhaust their
2   claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney,
3   311 F.3d at 1199-1201. )

4         Defendants argue that they are entitled to dismissal of this action because Plaintiff failed to
5   obtain a Director's Level decision following receipt of the first level decision partially granting his
6   appeal.  In support of their motion, Defendants submit evidence that Plaintiff filed an appeal relating
7   to his claims, which was granted in part at the first level of review, and that there is no record
8   Plaintiff ever pursued his claim to the Director's Level of review.  (Doc. 35, Motion, Gricewich
9   Dec., ¶¶3, 4; Grannis Dec., ¶4.)

10         The Court rejects Defendants' argument that exhaustion always requires pursuit of an appeal
11   through the Director's Level of review.  The governing regulations impose no such requirement, and
12   it is not the law of this Circuit that a Director's Level response is always required to satisfy section
13   1996e(a).  Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005).  Rather, what is required will be
14   dependent upon prison officials' response to the appeal.  "[E]ntirely pointless exhaustion" is not
15   required.  Brown, 422 F.3d at 936.

16         In this instance, Plaintiff filed an inmate appeal grieving his claims in this action on January
17   10, 2006. (Gricewich Dec., ¶4.)  The appeal was partially granted at the first formal level of review
18   on February 10, 2006, and forwarded for investigation. (Gricewich Dec., ¶4; Doc. 37-2, Reply, pg.
19   6.)  The appeal response specifically stated, "Once the investigation has been completed you will be
20   advised that this issue may be submitted to the next level of review if so desired." (Doc. 37-2, pg.
21   6.)

22         Defendants' argument that Plaintiff should have continued pursuit of the appeal at that point
23   is not supported by the language of appeal decision itself and is not at all persuasive in light of the
24   Ninth Circuit's decision in Brown, in which the Court considered a virtually indistinguishable
25   situation and found that the plaintiff had exhausted.  There is no evidence before the Court that prior
26   to filing suit, the investigation was concluded and Plaintiff was informed that he may submit the
27   issue to the next level if desired.  Indeed, Plaintiff contends that he still has not been informed the
28   investigation has been concluded. (Doc. 36, Opp., pgs. 2, 3.)  In light of the nature of the first level

3

response, Defendants are not entitled to dismissal of this action on the ground that Plaintiff's failure to continue pursuit of the appeal constitutes failure to exhaust.

IV. **Conclusion and Recommendation**

Accordingly, the Court HEREBY RECOMMENDS that:

1. Defendants' motion to dismiss, filed February 25, 2008, be DENIED; and
2. Defendants be required to file a response to Plaintiff's amended complaint within thirty days from the date of the issuance of the district court's decision.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 2, 2008**              /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE