# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG KAISER GARRETT,<br><br>           Plaintiff,<br><br>    v.<br><br>J. McNUTT, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:06-cv-01314-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT SWEENEY'S MOTION TO DISMISS THE EXCESSIVE FORCE CLAIM AGAINST HER BE DENIED<br><br>(Doc. 43)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**Findings and Recommendation on Defendant Sweeney's Motion to Dismiss**

**I.      Procedural History**

Plaintiff Craig Kaiser Garrett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed March 27, 2007, against Defendants Sweeney, McNutt, and Salcido for retaliation, use of excessive force, and conspiracy, and against Defendant Pateo for denial of medical care.  On July 23, 2008, Defendant Sweeney filed a motion to dismiss the excessive force claim against her, with prejudice, for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  Plaintiff did not file a response.  Local Rule 78-230(m).

**II.     Legal Standard for Motions Brought Pursuant to Rule 12(b)(6)**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), and the Court's role in reviewing the complaint for sufficiency is limited, Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007).  "Rule

8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A Court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).

**III.    Excessive Force Claim Against Defendant Sweeney**

The Court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Because Plaintiff's claims have already been reviewed for sufficiency at the pleading stage, the Court is disinclined to view a subsequent motion to dismiss for failure to state a claim with favor.

Defendant Sweeney moves for dismissal of the excessive force claim against her on the ground that she did not use force against Plaintiff and was not present during the incident where force was allegedly used.

Under section 1983, Plaintiff is required to show that Defendant Sweeney (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick, 500 F.3d at 987. "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection

can be established not only by some kind of direct, personal participation in the deprivation, *but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury*.'" Id. (quoting Johnson at 743-44) (emphasis added).

In this instance, Plaintiff alleges that Defendant Sweeney was responsible for setting up the incident of excessive force against him. The Court found that involvement to be sufficient to state a claim under section 1983 at the pleading stage, and Defendant has not supplied any authority that persuades the Court that excessive force claims represent an exception to the rule that direct, personal participation is not necessarily required for liability to attach under section 1983. Therefore, the Court recommends Defendant's motion to dismiss be denied.

**IV.     Conclusion and Recommendation**

For the reasons set forth herein, the Court HEREBY RECOMMENDS that Defendant Sweeney's motion to dismiss the excessive force claim against her, filed July 23, 2008, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 10, 2008**              /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE