1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  | CRAIG KAISER GARRETT,                      CASE NO. 1:06-cv-01314-AWI-SMS PC

10 |                     Plaintiff,            ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS, AND DENYING
11 |     v.                                   DEFENDANT SWEENEY'S MOTION TO
                                              DISMISS
12 | J. McNUTT, et al.,
                                              (Docs. 43 and 45)
13 |                     Defendants.
    | _____/

14

15        Plaintiff Craig Kaiser Garrett is a state prisoner proceeding pro se and in forma pauperis in

16 this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States

17 Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

18        On October 10, 2008, the Magistrate Judge filed a Findings and Recommendations that

19 recommended Defendants' motion to dismiss the excessive force claim against Defendant Sweeney

20 be denied.  The Findings and Recommendations were served on the parties and contained notice to

21 the parties that Objections were to be filed within fifteen days.  Defendants filed an Objection on

22 October 23, 2008.

23        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de

24 novo review of this case.  Having carefully reviewed the entire file, the court finds the Findings and

25 Recommendations to be supported by the record and by proper analysis.   Defendants contend in

26 their Objection, as they did in their motion, that Defendant Sweeney cannot be liable for the other

27 Defendants' alleged excessive force because the complaint's allegations do not state Defendant

28 Sweeney was present when the alleged force was used and do not state Defendant Sweeney

supervised the other Defendants.   Defendants are essentially asking this court to find on a Rule 12(b)(6) motion that one prison official cannot be liable for other prison officials' excessive force if he or she caused the other officials to use the excessive force.   The court declines to find, as a matter of law, that a prison official can escape all liability under the Eighth Amendment if he or she can convince others to brutalize an inmate but manages not to be present when the other officers actually inflict the injury.   In such a situation, the court finds that the liability for setting in motion such events is not confined to a supervisor.   The excessive force claim against Officer Sweeney has already been found to state a claim by the Magistrate Judge on screening and in the Findings and Recommendations.   At this stage of the pleadings, the complaint need only allege factual allegations that are plausible on their face and raise the right to relief above the speculative level.   See Bell Atlantic Corp. v. Twombly, – U.S. – , 127 S.Ct. 1955, 1974 (2007); Weber v. Department of Veterans Affairs, 512 F.3d 1178, 1181 (9th Cir. 2008).   While Plaintiff may ultimately be unable to come forward with sufficient evidences to show that Officer Sweeney actually *caused* the excessive force, the court declines to find the complaint fails to state a claim at this time.

Accordingly, IT IS HEREBY ORDERED that:

1.      The Findings and Recommendations, filed October 10, 2008, is adopted in full; and

2.      Defendant Sweeney's motion to dismiss the excessive force claim against her, filed July 23, 2008, is DENIED.


IT IS SO ORDERED.

Dated:   December 15, 2008            /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE