# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG KAISER GARRETT, | CASE NO. 1:06-cv-01314-AWI-SMS PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND FOR SANCTIONS |
| v. | |
| J. McNUTT, et al., | (Doc. 54) |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER REQUIRING DEFENDANTS TO DEPOSE HIM BY TELEPHONE OR TRAVEL TO HIS LOCATION |
| | (Doc. 56) |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Craig Kaiser Garrett, a former state prisoner proceeding pro se and in forma pauperis. This action is proceeding on Plaintiff's amended complaint, filed March 27, 2007, against Defendants Sweeney, McNutt, and Salcido for retaliation, use of excessive force, and conspiracy; and against Defendant Patel for denial of medical care.

Pursuant to the scheduling order issued on December 18, 2008, the deadline for the completion of discovery was August 19, 2009. On April 24, 2009, Defendants filed a motion to compel Plaintiff's deposition and for sanctions in the amount of $264.55, arising out of Plaintiff's failure to appear for his deposition. The Court ordered Plaintiff to file a response to the motion on May 27, 2009. On June 2, 2009, Plaintiff filed a motion seeking an order requiring Defendants to

depose him telephonically or take his deposition in Moreno Valley, California, where he resides.[1] Plaintiff did not file any further response regarding his deposition or Defendants' pending motion.

Defendants have submitted evidence demonstrating that the deposition notice was served on February 20, 2009, which provided reasonable notice of the deposition set for April 14, 2009, in Sacramento, California, at the Office of the Attorney General. Fed. R. Civ. P. 30(b)(1). (Motion, Doc. 54-4.) Defendants' counsel spoke with Plaintiff on April 2, 2009, and he represented that he received the notice and was going to appear for the deposition. (Doc. 54-3, Igra Dec., ¶2.) Plaintiff did not appear for the deposition and did not contact Defendants' counsel to notify her that he was not going to appear. (Id., ¶¶7, 8.) Defendants seek an order compelling Plaintiff's deposition and sanctions in the amount of $264.55, which represents the cost of the court reporter. (Id., ¶12.)

In his unverified and unsupported motion, Plaintiff states that on May 26, 2009, he left a voicemail message for Defendants' counsel informing her that he wanted to reschedule the deposition set for May 29, 2009.[2] (Doc. 56.) Plaintiff states he did not have the money or a vehicle available to travel from his location to Sacramento. (Id.)

Plaintiff's failure to attend his deposition subjects him to sanctions, including reasonable expenses caused by his failure to appear "unless the failure to appear was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Here, Plaintiff has not shown substantial justification for his failure to appear. Plaintiff had ample opportunity to seek a protective order from the Court relating to the location of the deposition, and had ample time to notify Defendants' counsel that he needed some accommodation regarding the location due to his financial hardship. Fed. R. Civ. P. 26; Hall v. Pliler, No. CIV S-05-1556-RRB-CMK-P, 2007 WL 2580687, at *1 (E.D.Cal. Sept. 5, 2007) (former prisoner timely filed a request for change of deposition location). Plaintiff did neither of these things. Instead, he represented that he would appear and then failed to do so without notifying counsel. Plaintiff's assertion that he left a

---

[1] Plaintiff's motion was served by mail on May 26, 2009, and therefore was not filed in response to the Court's order.

[2] A verified filing may be treated as a declaration if based on personal knowledge of admissible evidence, and not merely on the inmate's belief. See McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curium); Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985).

2

voicemail message on May 26, 2009, does not address his failure to appear on April. 14, 2009.³ Defendants are entitled to an order compelling Plaintiff's deposition and expenses in the amount of $264.55.

Left to determine is where the deposition should occur. While it may not be technically improper for Defendants to have noticed Plaintiff's deposition in Sacramento, see Hall, 2007 WL 2580687, at *1, in the Court's experience, it is customary for a party's deposition to be noticed where the party is located, see Willis v. Mullins, No. CV F 04 6542 AWI LJO, 2006 WL 302343, *5 (E.D.Cal. Feb. 8, 2006) (citing Grey v. Continental Mktg. Ass'n Inc., 315 F.Supp. 826, 832 (N.D.GA 1972)). While the Court is not finding, or even suggesting, it was the case, noticing a party's deposition at a location inconvenient for that party as a litigation tactic would not be viewed favorably by the Court. Had Plaintiff timely sought relief regarding the location of his deposition, the Court would likely have required Defendants to depose him in Moreno Valley or nearby, as is customary. However, Plaintiff did not seek timely relief and instead unnecessarily caused Defendants' counsel the inconvenience and expense of preparing for and setting up a deposition that was not to occur. It is entirely unacceptable for Plaintiff to have represented his intention to attend his deposition and then simply failed to appear.

The difference shall be split. Plaintiff shall be required to appear at the federal courthouse in Fresno, California for his deposition.⁴ Plaintiff hailed Defendants into court in this district, and it is an appropriate, neutral location roughly approximately midway between Sacramento and Moreno Valley. Plaintiff's motion for an order requiring Defendants to depose him telephonically or take his deposition in Moreno Valley is denied. Defendants are entitled to take Plaintiff's

///

---

³ As set forth in Defendants' subsequently filed motion for terminating sanctions, Plaintiff contacted Defendants' counsel on April, 28, 2009, and requested that his deposition be rescheduled for May 29, 2009. (Doc. 57-3, Motion, Igra Dec., ¶9.) On May 26, 2009, Plaintiff left a voicemail message regarding the May 29 deposition. (Id., ¶11.)

⁴ In a Finding and Recommendation issued separately, the Court recommended dismissal of this action. Therefore, Defendants may end up not noticing another deposition. However, in the event that the Honorable Anthony W. Ishii does not dismiss this action as a sanction, this order preserves Defendants' ability and right to notice another deposition.

deposition in person, and based on Plaintiff's conduct, the Court will not require Defendants to travel to Moreno Valley.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel Plaintiff's deposition and for sanctions in the amount of $264.55, filed April 24, 2009, is GRANTED;
2. Plaintiff is ordered to appear for his deposition, should Defendants notice one;
3. Defendants have **ninety (90) days** within which to notice another deposition of Plaintiff;
4. Plaintiff has **sixty (60) days** to pay the Attorney General's Office $264.55; and
5. The failure to appear at his noticed deposition and/or the failure to pay the Attorney General's Office $264.55 will subject Plaintiff to additional sanctions, including dismissal of this action.

IT IS SO ORDERED.

**Dated:   October 19, 2009**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE