# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG KAISER GARRETT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. McNUTT, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO. 1:06-cv-01314-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTIONS FOR TERMINATING SANCTIONS BE GRANTED<br><br>(Docs. 57 and 59)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendants' Motions for Terminating Sanctions**

**I.    Introduction**

　　This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Craig Kaiser Garrett, a former state prisoner proceeding pro se and in forma pauperis. This action is proceeding on Plaintiff's amended complaint, filed March 27, 2007, against Defendants Sweeney, McNutt, and Salcido for retaliation, use of excessive force, and conspiracy, and against Defendant Patel for denial of medical care. Pursuant to the scheduling order issued on December 18, 2008, the deadline for the completion of discovery was August 19, 2009. Pending before the Court are Defendants' two motions for terminating sanctions, filed on June 5, 2009, and on August 18, 2009. Plaintiff did not file a response to either motion. Local Rule 78-230(m).[1]

///

---

[1] In accordance with the Court's standard practice, Local Rule 78-230(m) continues to apply to this action even though Plaintiff was released from custody after he filed suit.

## II. Failure to Appear for Deposition Scheduled on May 29, 2009

On February 20, 2009, Defendants served a Notice of Taking of Plaintiff's Deposition with Production of Documents. Fed. R. Civ. P. 30(b)(1). (Doc. 57-4, Motion.) Plaintiff failed to appear for his April 14, 2009, deposition, which was subject to a separate motion to compel. (Doc. 54, Motion.) On April 28, 2009, Plaintiff called Defendants' counsel and requested that his deposition be rescheduled for May 29, 2009. (Doc. 57-3, Igra Dec., ¶9; Doc. 57-8.) Plaintiff represented that he intended to file some motions, and the parties agreed that unless Plaintiff was relieved of his obligation to appear by the Court, Plaintiff would appear for his deposition in Sacramento, California with the documents requested by Defendants. (Igra Dec., ¶9.)

On May 26, 2009, Plaintiff left a voicemail message for Defendants' counsel informing her that it was likely he would not appear for his deposition. (Id., ¶11.) Counsel called Plaintiff on May 27, 2009, and he represented that he filed a motion requesting payment of costs for his travel to Sacramento and for a postponement. (Id., ¶¶11, 12.) Counsel informed Plaintiff that no such motion had been filed, per the Court's electronic records, and he stated he understood and hoped an order would issue prior to May 29. (Id., ¶12.)

Plaintiff did not appear for his deposition on May 29, 2009, and did not contact Defendants' counsel to notify her that he was not going to appear, resulting in a cost of $259.95 for the court reporter. (Id., ¶14.) Defendants seek dismissal of this action as a sanction.

## III. Failure to Serve Discovery Responses

On July 1, 2009, Defendants served Plaintiff with a request for the production of documents and interrogatories. Pursuant to the Court's discovery order, Plaintiff's responses were due on or before August 17, 2009, plus three days for mailing. Fed. R. Civ. P. 6(a)(1),(d). Although Defendants' motion was premature by a few days, Plaintiff did not oppose the motion or otherwise file any document with the Court. Therefore, it is reasonable to conclude that no discovery responses were received between August 18, 2009, and August 20, 2009, and the Court will consider Defendants' motion.

///

///

IV.  **Availability of Terminating Sanctions**

A.   **Standard**

Federal Rule of Civil Procedure Rule 37(d) authorizes the Court to dismiss this action as a sanction against Plaintiff for failing to appear at his deposition, and for failing to serve responses to Defendants' request for the production of documents and interrogatories. "Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault, or bad faith." Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993) (internal quotation marks and citation omitted). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Henry, 983 F.2d at 948 (internal quotation marks and citation omitted). To determine whether to impose a severe sanction of dismissal or default, a court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. (internal quotation marks and citation omitted); also In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998); In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996); Henry, 983 F.2d at 948; United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988); Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829, 107 S.Ct. 112 (1986). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007); In re PPA, 460 F.3d at 1226. "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" Valley Engineers, 158 F.3d at 1057 (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990), cert. denied, 498 U.S. 1109, 111 S.Ct. 1019 (1991)).

///

///

**B.     Discussion**

In this instance, after being hailed into court by Plaintiff, Defendants have been unable to obtain discovery from him. Twice Plaintiff failed to appear for his deposition. The first deposition was noticed almost sixty days in advance, which gave Plaintiff ample time to seek protection from the Court or work something out with Defendants' counsel. After assuring counsel he planned to appear, he did not show up. The second deposition was scheduled for a date selected by Plaintiff. Although Plaintiff represented that he filed a motion seeking the payment of his travel costs and a postponement, no such motion was ever filed. Plaintiff expressed his understanding that unless the Court issued an order relieving him from appearing, he was obligated to appear. Again, Plaintiff did not show up and did not notify counsel that he was not going to appear. Plaintiff also, inexplicitly, failed to serve any response at all to Defendants' request for the production of documents and interrogatories.

At no time did Plaintiff seek a protective order from the Court regarding any of the discovery or seek an extension of time from counsel or the Court to serve his responses to the written discovery. Plaintiff did not file a response to either motion for sanctions, and between Defendants' first motion to compel, filed April 24, 2009, and the present, Plaintiff has filed only one document, a motion seeking an order requiring Defendants to depose him by telephone or travel to Moreno Valley, California, where he resides, to depose him. That motion was filed on June 2, 2009, and as such, was not timely as an attempt to seek a protective order shielding him from his deposition scheduled for May 29, 2009, and was not responsive to any of Defendants' discovery motions. As such, Plaintiff's disobedient conduct in discovery more than supports a finding of willfulness, fault, *and* bad faith.

Plaintiff's failure to avail himself to a deposition and serve discovery responses is extremely prejudicial to Defendants, as it deprives them of their opportunity to conduct meaningful discovery in an attempt to access the true facts in this case. Connecticut Gen. Life Ins. Co., 482 F.3d at 1097 (citation omitted). To allow this action to continue would be to allow Plaintiff to continue to prosecute his case despite depriving Defendants of rightful discovery and access to the true facts. Id. Given that Plaintiff is proceeding in forma pauperis and has no financial ability to pay monetary

4

sanctions sufficient to punish his conduct, no sanction short of dismissal is appropriate given that Plaintiff's failure to avail himself to a deposition and failure to respond to written discovery jeopardize "the orderly administration of justice." Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Wyle v. R. J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983)). Faced with the opportunity to acknowledge the importance of participating in discovery and express his willingness to do so, Plaintiff's failure to respond to Defendants' motions for sanctions leaves the record devoid of "any sign of repentance or any indication that this pattern of behavior would cease if the case were allowed to proceed." Sun World, Inc. v. Lizarazu Olivarria, 144 F.R.D. 384, 391 (E.D.Cal. 1992).

Plaintiff filed this action, hailed Defendants into court, and must follow the applicable rules, which provide Defendants with the right to depose Plaintiff and the right to seek written discovery from him. Plaintiff's failure to timely seek intervention by the Court, and Plaintiff's failure to offer an explanation and an assurance of his intention to cooperate, coupled with Plaintiff's indigency, leave no satisfactory alternative to dismissal as a sanction.

**V.     Conclusion and Recommendation**

Based on Plaintiff's failure to appear for his deposition on May 29, 2009, and failure to serve responses to Defendants' request for the production of documents and interrogatories, which the Court finds to be willful, with fault, and in bad faith, the Court HEREBY RECOMMENDS that Defendants' motions for terminating sanctions, filed June 5, 2009, and August 18, 2009, be GRANTED, and this action be dismissed, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///

///

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 19, 2009**                                /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE