# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG KAISER GARRETT,<br><br>        Plaintiff,<br><br>   v.<br><br>J. McNUTT, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-01314-AWI-SMS PC<br><br>ORDER GRANTING MOTION, AND DIRECTING CLERK'S OFFICE TO PROVIDE PLAINTIFF WITH COPIES OF THE DOCKET AND DOCUMENT 70<br><br>(Doc. 71)<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE APPEAL AND/OR TO REOPEN TIME TO FILE AN APPEAL<br><br>(Doc. 72) |

## I. Status Request

Plaintiff Craig Kaiser Garrett, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 20, 2006. This action was dismissed on December 8, 2009, with prejudice, as a sanction against Plaintiff for failing to appear for his deposition and for failing to serve responses to Defendants' discovery requests. On March 26, 2010, Plaintiff filed a motion seeking the status of his motion for reconsideration, purportedly submitted prior to his arrest on December 16, 2009, and for service of any rulings issued.

///
///
///
///

1

The Court did not receive a motion for reconsideration of the dismissal of this action. The Court will direct the Clerk's Office to provide Plaintiff with a copy of the docket and a copy of the order striking Plaintiff's untimely objections, which was the last order issued in this case.[1]

**II.      Reopening Time to File Appeal**

On June 18, 2010, Plaintiff filed a motion requesting leave to file a late appeal. This action was dismissed and judgment was entered on December 8, 2009. A notice of appeal must be filed within thirty days from the date of entry of judgment. Fed. R. App. P. 4(a)(1). The Court may grant an extension of time to file an appeal if the motion seeking the extension is filed no later than thirty days after the thirty-day period in Rule 4(a)(1) expires. Fed. R. App. P. 4(a)(5). Here, Plaintiff filed neither a timely notice of appeal nor a timely motion for an extension of time to appeal, so his request for an extension of time must be denied. Id.

With an extension of time under Rule 4(a)(5) unavailable, the only possible relief left is governed by Rule 4(a)(6), which provides that the Court may reopen the time to file an appeal if it finds that (1) Plaintiff did not receive notice of entry of judgment under Federal Rule of Civil Procedure 77(d); (2) Plaintiff's motion was filed within one-hundred eighty days after the entry of judgment or within fourteen days after Plaintiff received notice of the dismissal and judgment under Rule 77(d), *whichever is earlier*; and (3) no party would be prejudiced. Fed. R. App. P. 4(6). All of these conditions must be satisfied, Fed. R. App. P. 4(a)(6), and the one-hundred eighty day limit is the outer limit for relief, In re Stein, 197 F.3d 421, 426 (9th Cir. 2000).

Although the dismissal order and judgment were served on Plaintiff at his correct address of record on December 8, 2009, and they were not returned as undeliverable, Plaintiff asserts he never received them and became aware of the dismissal via a telephone conversation. Assuming Plaintiff did not receive notice of the dismissal and judgment in accordance with Rule 77(d), however, the one-hundred eighty day time limit expired on June 7, 2010. Fed. R. App. P. 26(a)(1). Because Plaintiff did not file his motion until June 18, 2010, the Court lacks jurisdiction to reopen the time

///

---

[1] That filing was dated December 7, 2009, and could not have been a motion for reconsideration of the December 8, 2009, dismissal.

2

for Plaintiff to file an appeal and his motion is denied.[2] Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir. 1994).

### III. Order

For the reasons set forth herein, Plaintiff's request for status, filed March 26, 2010, is GRANTED and the Clerk's Office is DIRECTED to send him a copy of the docket and a copy of the order filed on December 15, 2009 (doc. 70).  Plaintiff's motion for an extension of time to file an appeal and/or to reopen the time to file an appeal, filed June 18, 2010, is DENIED.

IT IS SO ORDERED.

Dated:   November 13, 2010

CHIEF UNITED STATES DISTRICT JUDGE

---

[2] It appears from the proof of service that Plaintiff was out of custody at the time he filed his motion, but even if not, application of the prison mailbox rule would not render the motion timely, because it was served on June 15, 2010. Douglas v. Noelle, 567 F.3d 1103, 1106-07 (9th Cir. 2009).

3